**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Griffin v. Doe*, Slip Opinion No. 2021-Ohio-3626.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3626

THE STATE EX REL. GRIFFIN *v*. DOE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Griffin v. Doe*, Slip Opinion No. 2021-Ohio-3626.]**

*Public records—R.C. 149.43—Mandamus—Relator did not prove by clear and convincing evidence that he submitted a public-records request—Writ denied.*

(No. 2020-1573—Submitted August 3, 2021—Decided October 13, 2021.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Mark Griffin Sr., seeks a writ of mandamus ordering the public-records officer for the Ohio Adult Parole Authority ("APA") to produce records that Griffin claims to have requested under Ohio's Public Records Act, R.C. 149.43. We deny the writ because Griffin has not proved by clear and convincing evidence that he submitted the public-records request.

## I. Background

{¶ 2} Griffin alleges that on or about November 12, 2020, he sent a public-records request to the APA's public-records officer by regular United States mail. He avers that the request sought "public records from the personnel files of six Ohio Parole Board members" who were members of the panel for Griffin's October 15, 2020 parole hearing. Griffin alleges that he sought records containing the following:

(1) [The parole board members'] full names.

(2) Their criminal justice history.

(3) Their required five years of criminal justice.

(4) Their prior employment.

(5) Their criminal justice schooling/degrees, certifications.

{¶ 3} Griffin commenced this mandamus action on December 29, 2020, alleging that the public-records officer for the APA had not responded to his request. He claims that he is entitled to the requested records and seeks statutory damages due to the APA's failure to respond to his request. The state of Ohio filed an answer to Griffin's complaint, denying all material allegations. The state further avers that the APA and the Ohio Department of Rehabilitation and Correction conducted investigations and found no record of its having received Griffin's alleged public-records request.

{¶ 4} We granted an alternative writ and set a schedule for the submission of evidence and the filing of merit briefs in accordance with S.Ct.Prac.R. 12.05. 162 Ohio St.3d 1425, 2021-Ohio-1202, 166 N.E.3d 23. The parties have submitted evidence and briefs, and the case is ripe for decision.

## II. Analysis

{¶ 5} Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act. *See* R.C. 149.43(C)(1)(b). To be entitled to the writ, Griffin must demonstrate that he has a clear legal right to the requested relief and that the APA has a clear legal duty to provide it. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. Although this court liberally construes the Public Records Act in favor of access to public records, "the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence." *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of the evidence, but not to the extent of such certainty as proof beyond a reasonable doubt, which is the requisite burden of proof in a criminal case, and that will produce in the trier of fact's mind a firm belief as to the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d 1175, ¶ 14.

{¶ 6} To meet his burden of proof, Griffin must show that he requested a public record pursuant to R.C. 149.43(B)(1) and that the APA did not make the record available in response to that request. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26. Griffin has not met that burden.

{¶ 7} Griffin claims that he mailed a public-records request to the APA's public-records officer on or about November 12, 2020. But the only evidence that Griffin has presented to this court supporting that he made that request is his affidavit in support of his complaint, in which he simply states: "[O]n November 12, 2020, or [thereabout] I sent a public records request to the Ohio Parole Board, and never received a timely response, as of December 16, 2020." Griffin has not submitted a copy of his alleged public-records request or any other evidence

showing that he mailed a public-records request to the APA in November 2020. Moreover, Griffin's description of the contents of his request come only in the unsworn allegations in his complaint and an unsworn statement that he has submitted as evidence.

{¶ 8} We have held that "evenly balanced" evidence in the record regarding whether a public-records request was sent by certified mail did not satisfy a relator's clear-and-convincing-evidence burden of proof. *State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, ¶ 32; *see also State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, ¶ 27 (holding that a requester of records did not prove hand-delivery of his request by clear and convincing evidence when there was contradictory evidence on the issue of delivery). In this case, Griffin has fallen even further short of meeting his burden of proof than the relator in *Pietrangelo*. Griffin has failed to provide evidence to demonstrate that he delivered the alleged public-records request to the APA at all. Griffin is therefore not entitled to relief in mandamus.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Mark Griffin Sr., pro se.

Dave Yost, Attorney General, and Mark W. Altier, Assistant Attorney General, for respondent.

_____