[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Toledo*, Slip Opinion No. 2022-Ohio-3889.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3889

THE STATE EX REL. MOBLEY *v*. THE CITY OF TOLEDO.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Toledo*, Slip Opinion No. 2022-Ohio-3889.]

*Mandamus—Public-records requests—Requester concedes that city provided the two records described in his complaint shortly after he filed it—Requester has failed to prove by clear and convincing evidence that city failed to comply with any obligation under R.C. 149.43(B)—Writ and statutory damages denied.*

(No. 2022-0080—Submitted August 2, 2022—Decided November 3, 2022.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In the complaint he filed in this case, relator, Alphonso Mobley Jr., requested a writ of mandamus compelling respondent, the city of Toledo, to provide him with copies of public records and to pay statutory damages under Ohio's Public

Records Act, R.C. 149.43. Mobley now concedes that Toledo provided the requested records to him after the filing of this action, but he continues to seek damages. We deny the writ as moot, deny Mobley's request for statutory damages, and deny a motion he has filed to strike evidence submitted by Toledo.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} According to Mobley, on October 13, 2021, he sent a public-records request to the Toledo police department by certified mail, seeking paper copies of the department's records-retention schedule and of its policy manual for traffic stops and arrests. In a letter dated October 15, 2021, Jennifer Zilba, identified as the department's custodian of records, confirmed receipt of a records request from Mobley and informed him, "I have to respectfully deny your request at this time due to it being overly broad. Body cam retention schedule is listed on our website as is our policy manual."

{¶ 3} On January 24, 2022, Mobley commenced this action in this court, seeking a writ of mandamus compelling Toledo to provide paper copies of the records-retention schedule and the manual for traffic stops and arrests. Mobley's complaint also requested statutory damages.[1] Toledo filed an answer, which denied for lack of knowledge all factual allegations in Mobley's complaint. As defenses to Mobley's claims, Toledo averred that it had no record of having received a public-records request from him but that after he filed his complaint, it nonetheless sent him the two documents described in the complaint.

{¶ 4} We granted an alternative writ, ordering the parties to submit evidence and merit briefs. 166 Ohio St.3d 1437, 2022-Ohio-798, 184 N.E.3d 125. Mobley submitted an affidavit in which he avers that he had transmitted the request described in his complaint by certified mail, but he did not submit a copy of the request. Mobley did attach to his affidavit a copy of Zilba's October 15, 2021 letter.

---

1. Mobley also requested an award of court costs in his complaint but has expressly waived that claim in his merit brief.

{¶ 5} Toledo submitted as evidence an affidavit from Lisa Caughhorn, a supervisor at the police department. Caughhorn stated that the department was unable to locate any request received from Mobley. According to Caughhorn, on February 2, 2022, after becoming aware of this mandamus action, she sent Mobley the two documents described in his complaint "in order to be responsive." In addition to her affidavit, Caughhorn submitted into evidence the two documents: a 28-page copy of the police department's records-retention schedule and a 13-page document setting forth the department's "standard operating guidelines" for "traffic enforcement and citations."

## II. MOTION TO STRIKE

{¶ 6} Mobley has filed a motion to strike Caughhorn's affidavit and accompanying documents under S.Ct.Prac.R. 3.11(E), claiming that Toledo had not served him with the evidence. In the alternative, Mobley asks that this court permit him to submit Exhibit I, which is attached to his motion to strike. Exhibit I purports to be a response to an April 19, 2022 public-records request submitted by Mobley, in which Toledo confirms that Zilba is employed by the police department but denies that she is the current custodian of records.

{¶ 7} Under S.Ct.Prac.R. 3.11(E)(1), "any party adversely affected" by a failure of service may file a motion to strike the document that was not served. If we determine that the document at issue was not served as required by rule, we may strike the document, order that the document be served and impose a new deadline for filing any responsive document, or deny the motion to strike if the movant was not adversely affected. S.Ct.Prac.R. 3.11(E)(2).

{¶ 8} We deny Mobley's motion. Mobley does not explain how he was adversely affected by Toledo's alleged failure to serve him with Caughhorn's affidavit and evidence. By Mobley's own admission, he obtained a copy of the evidence after asking the clerk of court's office to send him one. We also deny Mobley's alternative request to submit Exhibit I. Mobley does not explain how the

evidence is relevant to rebut assertions in Caughhorn's affidavit or is otherwise germane to the issues before us.

### III. ANALYSIS

**{¶ 9}** R.C. 149.43(B)(1) requires a public office to make copies of public records available to any person on request within a reasonable period. Mandamus is an appropriate remedy by which to compel compliance with R.C. 149.43. R.C. 149.43(C)(1)(b); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. A mandamus case becomes moot if the public office produces the requested records to the relator. *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 27.

**{¶ 10}** Mobley no longer seeks a writ of mandamus ordering production of records; he concedes that Toledo provided the two records described in his complaint shortly after he filed it. Mobley argues, however, that he is entitled to statutory damages for Toledo's delay in producing the documents. *See Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 20-22 (awarding statutory damages despite mootness of mandamus claim in public-records case).

**{¶ 11}** A person who has requested public records is entitled to statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)]." R.C. 149.43(C)(2). To show that Toledo failed to comply with an obligation under R.C. 149.43(B) in this case, Mobley must show by clear and convincing evidence that he requested a public record and that Toledo did not make the record available to him within a reasonable period. *See State ex rel. Griffin v. Doe*, 165 Ohio St.3d 577, 2021-Ohio-3626, 180 N.E.3d 1123, ¶ 5-6; R.C. 149.43(B)(1). Clear and convincing evidence " 'is a measure or degree of proof that is more than a preponderance of the evidence, but not to the extent of such

certainty as proof beyond a reasonable doubt, which is the requisite burden of proof in a criminal case, and that will produce in the trier of fact's mind a firm belief as to the fact sought to be established.' " *Griffin* at ¶ 5, quoting *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d 1175, ¶ 14.

{¶ 12} Mobley has failed to prove by clear and convincing evidence that Toledo failed to comply with any obligation under R.C. 149.43(B). Though Mobley claims that he sent a public-records request to the police department on or about October 13, 2021, he has not submitted a copy of his alleged request or any other evidence showing that he mailed the request described in his complaint. For its part, Toledo submits the affidavit of Caughhorn, who attests that she has been unable to locate any record of the police department's having received the request described in Mobley's complaint. Given the contradicting affidavits from Mobley and Caughhorn, Mobley has failed to carry his burden of proving that he sent the alleged public-records request in the first place. *See Griffin* at ¶ 8; *see also State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, ¶ 32 (given "evenly balanced" evidence as to whether a public-records request was sent, the requester failed to satisfy heightened burden of proof). Mobley has therefore failed to show a violation of R.C. 149.43(B) upon which he can base a claim for statutory damages.

{¶ 13} Even if we were to determine that Mobley sent the public-records request described in his complaint, he still would not be entitled to statutory damages. A requester of public records may qualify for statutory damages only when the requester "transmits a written request by hand delivery, electronic submission, or certified mail * * * to the public office or person responsible for the requested public records." R.C. 149.43(C)(2). A requester who fails to prove by clear and convincing evidence that delivery was accomplished by one of the methods authorized in R.C. 149.43(C)(2) is ineligible to receive statutory damages.

*State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 14.

**{¶ 14}** Mobley has failed to carry that burden here. Even if we were to determine that Zilba's letter denying a request from Mobley corroborates the fact that Mobley sent a public-records request, the record does not contain clear and convincing evidence showing that Zilba was responding to a request that was delivered *by certified* mail. Moreover, on the record before us, it is not clear that whatever request Zilba was responding to is the same request that Mobley claims to have sent by certified mail on October 13, 2021. Under these circumstances, Mobley has not satisfied his heightened burden to show entitlement to statutory damages.

## IV. CONCLUSION

**{¶ 15}** Because Mobley concedes that he has received the records at issue, we deny the writ as moot. And because Mobley has not proved by clear and convincing evidence that he sent his purported request by certified mail or any other method, we deny his request for statutory damages.

Writ denied.

O'CONNOR, C.J., and FISCHER, DEWINE, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in part and concurs in judgment only in part, with an opinion.

DONNELLY, J., concurs in part and dissents in part and would award statutory damages.

_____

**KENNEDY, J., concurring in part and concurring in judgment only in part.**

**{¶ 16}** The complaint for a writ of mandamus filed by relator, Alphonso Mobley Jr., is moot. Therefore, I agree with the majority's decision and reasoning

in denying the writ. But although I agree with the majority's decision to not award the statutory damages Mobley seeks, I do so for a different reason. The majority denies Mobley an award of statutory damages on the basis of its determination that he failed to prove a violation of R.C. 149.43(B). The record, however, does not support that determination. Attached to Mobley's affidavit is a response by a records custodian on behalf of respondent, the city of Toledo, informing him that he could obtain the records he sought by visiting the city's website. This served as a denial of his public-records request and is sufficient evidence to prove that the city failed to meet an obligation under R.C. 149.43(B). But in addition to proving that the city failed to meet an obligation under R.C. 149.43(B), Mobley also had to prove by clear and convincing evidence that his request for records was submitted by certified mail, hand delivery, or electronic mail. *State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, ¶ 27; R.C. 149.43(C)(2). In my view, Mobley failed to present clear and convincing evidence on that point, so he is ineligible for statutory damages. Therefore, I concur in part and concur in judgment only in part.

{¶ 17} Mobley alleges that the city failed to comply with R.C. l49.43(B)(6) when it referred him to its website rather than provide paper copies of the records he identified in his public-records request of October 13, 2021. In his affidavit, Mobley claims that he sent a request seeking paper copies of the Toledo police department's records-retention schedule and policy manual for traffic stops and arrests. Mobley included in the evidence he submitted in this court a copy of the response of the department's records custodian, dated October 15, 2021, which refers to the same documents that Mobley claims to have identified in his request. The response states: "I am in receipt of your request for reports received on 10/15/21. I have to respectfully deny your request at this time due to it being overly broad. Body cam retention schedule is listed on our website as is our policy

manual." It was electronically signed by Jennifer Zilba of the Toledo police department.

{¶ 18} Zilba's responsive letter and Mobley's affidavit constitute clear and convincing evidence that Mobley submitted a public-records request to the city and sought paper copies of the police department's records-retention schedule and policy manual for traffic stops and arrests. By referring him to the city's website to obtain the documents instead of furnishing copies of the records to him as requested, the city violated R.C. 149.43(B)(6) ("The public office or the person responsible for the public record shall permit the requester to choose to have the public record duplicated upon paper * * *. When the requester makes a choice under this division, the public office or person responsible for the public record shall provide a copy of it in accordance with the choice made by the requester"). The city could have conditioned the delivery of paper copies of the records on Mobley's payment of copying costs, *see id.*, but it did not. Instead, the city simply ducked the public-records request by telling the requester to go somewhere else, but R.C. 149.43 does not give the city authority to do that. The Public Records Act requires the records custodian to produce the records in the manner chosen by the requester.

{¶ 19} Although in my view Mobley has satisfied the first of the two statutory-damages requirements by showing that the city failed to meet an obligation under R.C. 149.43(B), he must satisfy a second requirement. To be entitled to statutory damages, Mobley must also show that he "transmit[ted] a written request by hand delivery, electronic submission, or certified mail." R.C. 149.43(C)(2). Regarding this requirement, Mobley has submitted only his affidavit, in which he asserts that he mailed the public-records request by certified mail. Although he has provided this court with a certified-mail number, he has not submitted a certified-mail receipt. Without such supporting evidence, Mobley's assertion is insufficient to prove by clear and convincing evidence that he is entitled

to statutory damages. Given the evidence before us, Mobley has established that his request reached the police department, but he has not shown how it reached the police department.

{¶ 20} Like the majority, I would deem Mobley's mandamus complaint moot because the city has sent him responsive documents. And like the majority, I would deny his request for statutory damages, but I would do so for a different reason. Therefore, I concur in part and concur in judgment only in part.

_____

Alphonso Mobley Jr., pro se.

Dale R. Emch, Toledo Director of Law, and Tammy G. Lavalette, Senior Attorney, for respondent.

_____