[Cite as *Doe v. Ohio State Univ.*, 2023-Ohio-3620.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOHN DOE | Case No. 2023-00498PQ |
| Requester | Special Master Todd Marti |
| v. | <u>ORDER</u> |
| OHIO STATE UNIVERSITY | |
| Respondent | |

{¶1} The matters before the special master are *Plaintiff John Doe's Motion for Leave to Proceed Under a Pseudonym and to Permit Plaintiff to File Affidavit Under Seal Pursuant To Sup.R. 45,* filed August 14, 2023 ("*Requester's Motion*") and *Ohio State University's Memorandum in Opposition to Motion for Leave to Proceed under a Pseudonym and Motion to Strike,* filed August 16, 2023 ("*Motion to Strike*"). *Requester's Motion* is granted as to his request to proceed under a pseudonym, but denied as to his request to file a redacted affidavit. The *Motion to Strike* is granted and the clerk is directed to strike Exhibit A to the *Requester's Motion* from the record.

### I. Background.

{¶2} Requester is engaged in the business of purchasing tickets to sporting events for resale. He made several requests to Respondent Ohio State University ("OSU") for public records in furtherance of that business. He made those requests anonymously, and transmitted all related correspondence without disclosing his identity. OSU produced some of the requested records, but denied requests for others. Requester filed this case under R.C. 2743.75 to challenge OSU's denials. *Complaint*, filed July 25, 2023, pp. 13-14, 15, 16, 17, 18-19, 27, 28-29, 30, 31, 32, 33-34;[1] *Requester's Motion*, p. 2; *Motion to Strike*, p. 3; *Requester John Doe's Reply Memorandum In Support of His Motion for Leave to Proceed Under a Pseudonym and to Permit Plaintiff to File Affidavit*

---

[1]    The references to specific pages of the *Complaint* are to the pages of the PDF copy posted on the Court's online docket.

*Under Seal Pursuant to Respondent Ohio State University's Motion to Strike*, filed August 23, 2023. ("*Reply*"), p. 4.

{¶3} Requester filed this case under the pseudonym of "John Doe." His complaint set forth the address of his counsel, rather than his own address. Because that appeared to violate Civ.R. 10(A), the special master ordered Requester to file either an amended complaint setting forth his name and address or a motion for leave to proceed under a pseudonym.

{¶4} Requester chose the latter option. He supported that motion with his own affidavit, redacted to conceal his identity. OSU filed a memorandum opposing *Requester's Motion* and a cross motion to strike Requester's redacted affidavit. Those matters are ripe for decision. *Entry*, filed August 3, 2023; *Requester's Motion*; *Order*, entered August 14, 2023; *Motion to Strike; Reply*.

## II.     Analysis.

### A. Requester may proceed under a pseudonym because Civ.R. 10(A) is clearly inapplicable to this particular special statutory proceeding and inconsistent with R.C. 2743.75 in cases involving the R.C. 149.43(B)(4) right to anonymity.

{¶5} The requirement that a party initiating litigation disclose its name and address is set out in Civ.R. 10(A). However, Civ.R. 1(C)(8) provides that individual civil rules, "to the extent that they would by their nature be clearly inapplicable, shall not apply *** in *** special statutory proceedings," and proceedings under R.C. 2743.75 are special statutory proceedings. *Andes v. Ohio AG's Office*, Ct. of Cl. No. 2017-00144-PQ, 2017-Ohio-4251, ¶ 7, adopted, May 31, 2017 (McGrath, J.). R.C. 2743.03(D) similarly provides that the Civil Rules do not apply to Court of Claims actions when individual rules are "inconsistent with" provisions of R.C. Chapter 2743. *Requester's Motion* therefore turns on whether Civ.R. 10(A) is "clearly inapplicable" to or "inconsistent with" R.C. 2743.75.

{¶6} *Civ.R. 10(A) is clearly inapplicable to <u>this</u> proceeding because it would deprive Requester of a statutory right*. A rule is clearly inapplicable to a special statutory proceeding if it would nullify statutory rights the proceeding is intended to vindicate. For example, *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 551

N.E.2d 122 (1990), found a civil rule clearly inapplicable because it would "render ineffective" one party's statutory right to review of an administrative action, a right it had invoked before the litigation. *Id.* at 70.

{¶7} R.C. 149.43(B)(4) gives requesters a statutory right to anonymity when seeking public records. This Requester exercised that right by submitting his requests and related correspondence anonymously. *Complaint*, pp. 13-14, 15, 16, 17, 18-19, 27, 28-29, 30, 31, 32, 33-34. He continued to assert that right by filing this case under a pseudonym. Civ.R. 10(A), if applied, would deny him that statutory right by forcing him to disclose his identity. That would "render ineffective" a statutory right previously invoked, making Civ.R. 10(A) "clearly inapplicable."

{¶8} *Civ.R. 10(A) is inconsistent with R.C. 2743.75—in cases asserting a right to anonymity under R.C. 149.43(B)(4).* That is true on two levels.

{¶9} First, applying Civ.R. 10(A) would be inconsistent with R.C. 2743.75(A)'s stated goal of providing "an expeditious and economical procedure" for resolving public records disputes in cases involving the R.C. 149.43(B)(4) right to anonymity. The legislature uses terms in accordance with their common usage. R.C. 1.42. Taking those terms in reverse order, "economical" is commonly used to connote efficiency and the conservation of resources. "Expeditious" is commonly understood to mean quick, prompt, and with alacrity. Applying Civ.R. 10(A) to cases brought by requesters asserting the R.C. 149.43(B)(4) right to anonymity would require preliminary proceedings exploring possible grounds for excusing compliance with the rule, requiring the court and the parties to consume time and money before they reach the underlying dispute. That would also lengthen the otherwise compressed proceedings envisioned by R.C. 27453.75 as a whole. That would be inconsistent with the expedition and economy R.C. 2743.75 directs.

{¶10} Second, applying Civ.R. 10(A) could deter requesters asserting anonymity from using the streamlined proceedings the General Assembly plainly sought to encourage by enacting R.C. 2473.75. That is an indicium of inconsistency under R.C. 2743.03(D). *Radojcsics v. Ohio State Reformatory*, 52 Ohio Misc. 73, 75, 368 N.E.2d 1284 (Ct. of Cl.1977).

\*\*\*

Two other points bear noting here.

{¶11} First, this is a close case, but the tie breaker controlling public records cases compels this result. Civ.R. 10(A) codifies the strong presumption against anonymous litigation. However, the principles just discussed provide equally strong bases for departing from that rule in cases involving R.C. 149.43(B)(4).  Other precedents command that doubts in public records cases be resolved in favor of vigorous enforcement of R.C. 149.43. *State ex rel. Warren Newspapers v. Hutson*, 70 Ohio St.3d 619, 621, 640 N.E.2d 174 (1994); *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 28; *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. The balance therefore tips in favor of protecting the right to anonymity given by R.C. 149.43(B)(4).

{¶12} Second, the rationale for this holding only applies to cases involving R.C. 149.43(B)(4) anonymity issues. Civ.R. 10(A) furthers important interests. "Identifying the parties to the proceeding is *** important" because the "public has a legitimate interest in knowing which disputes involving which parties are before *** courts that are supported with tax payments and exist ultimately to serve the American public." *Doe v. Bruner*, 12th Dist. Clinton No. CA2011-07-013, 2012-Ohio-761, ¶ 5 (authorities and internal punctuation omitted).  Those interests are only counterbalanced here by the policy of anonymity unambiguously codified in R.C. 149.43(B)(4).

**B. Requester has not met his burden of proof under Sup.R. 45(E).**

{¶13} The motions about Requester's affidavit are governed by Sup.R. 45(E)(2). That rule "authorizes a court to restrict public access to a document *only* 'if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest.'" *State ex rel. Cin. Enquirer v. Shanahan*, 166 Ohio St.3d 382, 2022-Ohio-448, 185 N.E.3d 1089, ¶ 21 (emphasis added). The "party promoting the restriction has the burden of proof." *Id.*

{¶14} That requires a substantial showing. "Clear and convincing evidence is more than a preponderance of the evidence," but is evidence "that will produce in the trier of fact's mind a firm belief as to the fact sought to be established." *State ex rel. Griffin v. Doe*, 165 Ohio St.3d 577, 2021-Ohio-3626, 180 N.E.3d 1123, ¶ 5 (authorities and internal punctuation omitted). Given that, the burden imposed by Sup. R. 45(E) is not carried with

conclusory assertions. *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 34.

{¶15} This Requester's justification for redaction, his cursory assertions about retaliation, are conclusory at best. They provide far less substance than other showings found insufficient to satisfy Sup.R. 45(E)(2). See e.g. *Wolff,* 132 Ohio St.3d 481, ¶¶ 7, 34. They fall well short of clear and convincing evidence.

### III.     Conclusion.

{¶16} Based on the foregoing, the special master:

- Grants Requester's Motion to proceed under a pseudonym;

- Denies Requester's Motion to file a redacted affidavit; and

- Grants Respondent's Motion to Strike. Exhibit A to Requester's Motion shall be stricken from the record of this case.



_____
TODD R. MARTI
Special Master


Filed September 6, 2023
Sent to S.C. Reporter 10/5/23