[Cite as *Graham v. Lake Cty. Jobs & Family Servs. & Child Support Enforcement Agency*, 2023-Ohio-4366.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

DANIEL GRAHAM,

      Requester-Appellee,

- vs -

LAKE COUNTY JFS/CESA,

      Respondent-Appellant.

**CASE NO. 2023-L-073**

Administrative Appeal from the
Court of Claims of Ohio

Trial Court No. 2023-00048 PQ

---

## O P I N I O N

Decided: December 4, 2023
Judgment: Affirmed

---

*Daniel Graham*, pro se, 19256 Knowlton Parkway, Suite 205, Strongsville, OH 44149 (Requester-Appellee).

*Charles E. Coulson*, Lake County Prosecutor, and *Kelly A. Echols*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Lake County Jobs and Family Services/Child Support Enforcement Agency, appeals the judgment of the Court of Claims of Ohio ordering appellant to produce certain records to appellee, Daniel Graham, as public records and to pay appellee's Court of Claims $25 filing fee.

{¶2} Appellant has raised two assignments of error arguing the trial court erred by finding the requested documents were public records and that OAC 5101:12-1-20.1(C)(2)(a)(i) sets forth an exception to non-disclosure.

**{¶3}** Having reviewed the record and the applicable caselaw, we find appellant's assignments of error to be without merit. Appellee has demonstrated entitlement to the requested records by clear and convincing evidence as OAC 5101:12-1-20.1(C)(2)(a)(i) provides for the production of information about a non-custodial parent when the request is directly connected to the support enforcement program.

**{¶4}** Therefore, we affirm the judgment of the Court of Claims of Ohio.

## Substantive and Procedural History

**{¶5}** Appellant garnished funds from appellee's bank account on December 2, 2022. On December 25, 2022, appellee submitted a complaint to appellant through a web portal seeking the name of the JFS worker and supervisor that initiated the garnishment as well as appellant's public records policy for employee files to facilitate in filing a complaint with a Lake County Commissioner.

**{¶6}** On December 27, 2022, the next business day, appellant, through employee Amanda Hazel, responded through the portal system that a notice of the garnishment had been mailed to appellee. However, the response did not address appellee's records requests. Appellee restated his requests from December 25 while also asking to contact a supervisor. He indicated that failure to do so would result in him filing further complaints and a claim in the Court of Claims. Appellant then provided the contact information for supervisor Rebecca St. Julian.

**{¶7}** Hazel and St. Julian exchanged a series of emails about records responsive to appellee's requests, county practices, and discussed forwarding the issue to a higher-level supervisor.

2

{¶8}   On January 6, 2023, relevant to this appeal, appellee submitted a public records request for "all emails concerning me, Daniel A. Graham, between Amanda Hazel and any other public official between 12/25/2022 and 1/6/2023."  Appellant responded through David Hackman of the Lake County Prosecutor's Office on January 20, 2023. Hackman said that "while there were several chains of emails concerning you between the caseworker, Ms. Hazel, Ms. St. Julian, Administrator Baibak, and myself, such emails were generated as the result of your reasonable inquiries, with which I am regularly consulted as counsel to the agency.  These emails are not a public record, as they are merely informal communications that do not serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the Lake County Child Support Enforcement Agency.  See R.C. 149.011."

{¶9}   On January 23, 2023, appellant filed a complaint in the Court of Claims pursuant to R.C. 2743.75(D) stating that appellant denied him access, in violation of R.C. 149.43, to "correspondence from JFS worker Hazel to any other public official that concerned me."

{¶10}  Appellant argued that the requested emails were not "records" as defined in R.C. 149.011, that some emails were not public records because they were subject to attorney client privilege, and all were exempt from disclosure as confidential child support enforcement case records under OAC 5101:12-1-20(G) and (H).

{¶11} On April 11, 2023, the Special Master issued a Report and Recommendation, finding that the requested emails were "records" within the meaning of R.C. 149.43(A)(1) because the emails were documents created or received by a public office which documented the policies, decisions, and operations of the public office.  Next,

3

the Special Master concluded that appellant had demonstrated that some of the emails were exempt from disclosure due to attorney client privilege, however, the majority of the requested emails were not exempt and appellant had not argued the balance of the documents were similarly privileged. Finally, the Special Master determined that, based on the circumstances of this case, OAC 5101:12-1-15(C)(2)(a)(i) allowed the release of information in appellee's child support enforcement agency case record because appellee, is a non-custodial parent who owed child support and his request sought records about himself which directly related to the support enforcement program.

{¶12} Appellant timely objected to the Special Master's recommendation arguing that the Special Master erred in determining the emails were public records and erred in concluding OAC 5101:12-1-15(C)(2)(a)(i) exempted the emails from confidentiality. The trial court addressed appellant's objections finding that the emails were public records and that under the circumstances of appellee's case, the emails were subject to disclosure. The trial court addressed appellant's concern that its conclusion would allow "anyone to request and receive any child support enforcement records relating to a non-custodial parent." The court said that "OAC 5101:12-1-15(C)(2)(a)(i) only permits disclosure of information that pertains to the support order and information that pertains to the non-custodial parent or the attorney of the non-custodial parent" where the information is "requested for a purpose related to the support enforcement program." The court concluded that appellant had not demonstrated any exemption to disclosure applied. Therefore, the Court of Claims ordered appellant "to produce to Requester the records copied at pp. 21-25, Bates 18-22 of *Respondents Sealed Submissions*, filed

4

March 15, 2023" and to pay appellee's $25 filing fee and any other costs associated with the action.

{¶13} Appellant timely appealed raising two assignments of error. Appellee did not file an answer brief.

## Assignments of Error and Analysis

{¶14} Appellant's assignments of error state:

{¶15} "[1.] The trial court committed prejudicial error in adopting the Special Master's Report and Recommendation finding that the disputed emails are public records."

{¶16} "[2.] The trial court committed prejudicial error in adopting the Special Master's Report and Recommendation, finding that OAC 5101:12-1-20.1(C)(2)(a)(i) applies to the disputed emails."

{¶17} Appellee filed his complaint pursuant to R.C. 2743.75, which provides an alternative statutory procedure to a mandamus action to resolve disputes over public records requests. R.C. 2743.75(A) provides in pertinent part:

> In order to provide for an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records in violation of division (B) of section 149.43 of the Revised Code, except for a court that hears a mandamus action pursuant to that section, the court of claims shall be the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of that section.

{¶18} Ohio's Public Records Act provides that upon request, a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Courts are to construe the Public Records Act liberally in favor of broad access and are to resolve doubts in favor of

5

disclosure of the public records. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16.

{¶19} The requester must still establish entitlement to the requested records by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office,* 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26, 34. If the public office withholds a record on the basis of a statutory exception, the "burden of production" is on the public office to plead and prove facts clearly establishing the applicability of the exemption. *Id.* at ¶ 27. Nevertheless, the "burden of persuasion" at all times remains on the requester to prove a right to relief under R.C. 2743.75 by the requisite quantum of evidence. *Id.* at ¶ 34. A case brought under R.C. 2743.75 is to be governed under standards "consistent with the standards that are applicable to mandamus-enforcement actions." *Id.* at ¶ 32.

{¶20} Clear and convincing evidence "'is a measure or degree of proof that is more than a preponderance of the evidence, but not to the extent of such certainty as proof beyond a reasonable doubt, which is the requisite burden of proof in a criminal case, and that will produce in the trier of fact's mind a firm belief as to the fact sought to be established.'" *State ex rel. Griffin v. Doe*, 165 Ohio St.3d 577, 2021-Ohio-3626, ¶ 5, quoting *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.

{¶21} Whether a record is exempt from disclosure is a question of law, although the application of the statutory exemption necessarily depends on a factual application of the record. *Welsh-Huggins* at ¶ 37. When presented with a mixed question of fact and law, a reviewing court independently reviews the legal question de novo but will defer to the trial court's underlying factual findings, reviewing them only for clear error. *Id.*

6

{¶22} Appellant argues that the requested emails are not "public records" because they are child support enforcement case records, the "release of which is prohibited by state or federal law. R.C. 149.43(A)(1)(v)." Appellant asserts that OAC 5101:12-1-20(G) and (H) prohibit the disclosure of information contained in a child support case record. Anyone who discloses such information is subject to a fine and incarceration. OAC 5101:12-1-20(J). Appellant argues that under OAC 5101:12-10-06(B), the requested records qualify as child support enforcement agency case records because the emails constitute any information pertaining to a case record including: "[a] record of the date of, reason for, and results of any contacts with any individual in the case;" "[a] narrative that chronologically traces support enforcement program activities;" and "[a] record of any actions taken to establish * * * support obligations and to enforce or modify support obligations, including the dates and results of such actions, when applicable."

{¶23} Under R.C. 149.43(A) a "'public record' means records kept by any public office * * *." R.C. 149.011(G) defines "records" as:

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

R.C. 149.011(A) defines "public office" to include "any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government."

7

{¶24} "Unless otherwise exempted or excepted, almost all documents memorializing the activities of a public office can satisfy the definition of 'record.'" *Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 20.

{¶25} Here, the requested emails are public records within the meaning of R.C. 149.43 because they are "documents * * * regardless of physical form or characteristic, including an electronic record." The documents were "created or received by" Lake County JFS/CSEA, which is a public office. *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.,* 82 Ohio St.3d 37, 42, 693 N.E.2d 789 (1998). Finally, the requested emails addressed appellee's questions, complaints, and requests. The emails documented the internal decision making in the office, discussed office and county policy, and demonstrated the functioning and organization of the office in executing those decisions. Thus, the requested documents are "public records."

{¶26} Appellant argues that the requested documents are otherwise excepted. He cites *Walsh v. Ohio Dept. of Health*, 10th Dist. No. 21AP-109, 2022-Ohio-272, 183 N.E.3d 1281, to support its argument. In *Walsh*, the Tenth District Court of Appeals held that records relating to decedents' cause of death were not a public record under R.C. 149.43(A)(1)(v) because the information constituted protected health information under R.C. 3701.17. R.C. 3701.17 bars the release of protected health information "without the written consent of the individual who is the subject of the information" or under circumstances set forth under R.C. 3701.17(B). *Id.* at ¶ 13.

{¶27} Appellant argues that the records appellee requested were similarly barred from release under OAC 5101:12-1-20. However, *Walsh* acknowledged that protected health information could be released under certain circumstances. The same is true here

8

of child support enforcement case records. OAC 5101:12-1-20 (H) prohibits the disclosure of child support enforcement case records "except for an authorized purpose in accordance with this rule and its supplemental rules."

{¶28} OAC 5101:12-1-20.1(C)(2)(a)(i) provides:

(C) The CSEA, OCS, or a contractor shall disclose information that the CSEA, OCS, or contractor obtains from a source other than the state or federal PLS upon the request of an individual or entity in the following manner:

    (2) Request for information about a non-custodial parent or attorney of a non-custodial parent.

        (a) The CSEA, OCS, or contractor may disclose information about a non-custodial parent or attorney of a non-custodial parent when the request is for a purpose directly connected to any of the following:

            (i) The support enforcement program.

OAC 5101:12-1-20.1(C)(2)(c) sets forth a list of restrictions on information disclosure.

{¶29} OAC 5101:12-1-20(H) states that there are exceptions to non-disclosure that are permitted "for an authorized purpose in accordance with this rule and its supplemental rules." OAC 5101:12-1-20.1(C)(2)(a)(i) sets forth such an exception to non-disclosure. Under that rule, a Child Support Enforcement Agency "shall disclose information" obtained from a source "upon the request of an individual" when the individual requests "information about a non-custodial parent" and when the purpose of the request is "directly connected to the support enforcement program." OAC 5101:12-1-20.1(C)(2)(a)(i).

{¶30} Here, appellee is a non-custodial parent who owed child support. His request sought records about himself which directly related to the support enforcement

9

program because his request related to his dissatisfaction with how his garnishment was implemented and how his inquiries about it were handled. Therefore, he satisfies the exception provided under OAC 5101:12-1-20.1(C)(2)(a)(i).

{¶31} Finally, appellant has not asserted that any of the restrictions on information disclosure set forth in OAC 5101:12-1-20.1(C)(2)(c) apply under these circumstances. As appellant withheld the requested records on the basis of a statutory exception, appellant bears the burden of production to prove facts clearly establishing the applicability of the exemption. *Welsh-Huggins,* 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 27.

{¶32} OAC 5101:12-1-20(H) provides that otherwise confidential child support enforcement case records may not be disclosed except for an authorized purpose set forth in the Administrative Code. OAC 5101:12-1-20.1(C)(2)(a)(i) sets forth an exception to non-disclosure that appellee has satisfied in this case and appellant has failed to demonstrate that any restriction to that rule applies. Accordingly, appellant's assignments of error are without merit.

{¶33} For the foregoing reasons, the judgment of the Court of Claims of Ohio is affirmed.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

10

Case No. 2023-L-073