[Cite as *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2019-Ohio-1889.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**

**COUNTY OF CUYAHOGA**

STATE EX REL. MUNICIPAL
CONSTRUCTION EQUIPMENT
OPERATORS' LABOR COUNCIL,  :

    **Relator,**  :

                                 No. 107585

    **v.**  :

CITY OF CLEVELAND, ET AL.,  :

    **Respondents.**  :

_____

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** DENIED
**DATED:** May 10, 2019

Writ of Mandamus
Motion No. 520481
Order No. 527374

*Appearances:*

Climaco Wilcox Peca Tarantino & Garfield, and Roll D.
Stewart, *for relator.*

Barbara A. Langhenry, Director of Law, and Mark V.

**Webber, Assistant Director of Law,** *for respondent.*

## EILEEN T. GALLAGHER, P.J.:

**{¶ 1}** On August 23, 2018, the relator, the Municipal Construction Equipment Operators' Labor Council ("the Union"), commenced this public records mandamus action against the respondents, the city of Cleveland and its Civil Service Commission ("Cleveland"), to compel them to produce the application files of, and test reports for, 16 specified individuals for a noted position. The Union had made this request through email on August 1, 2018, and had asked that the records be sent by email.

**{¶ 2}** The court referred this case to its mediation office, which appeared to mediate a successful resolution of the matter including the release of the requested records. In order to establish on the record what had been resolved, the court ordered the parties to certify the status of the case by stating for each record request what records have been released and when and how they were released. Additionally, the respondents were to state what, if any, redactions had been made with supporting legal authority for the redactions. If the Union believed that its requests had not been satisfied, it was to support that belief with substantiation.

**{¶ 3}** Cleveland certified that, by August 20, 2018, it had provided requested records through emails with a link to the requested records. Furthermore, Cleveland certified that in August and September 2018, it had reprovided the link to the records. Additionally, in an exhibit accompanying the certification, Cleveland attached approximately 200 pages of records, including 16 pages explaining redactions.

**{¶ 4}** The Union certified that there were deficiencies in the released records. First, it was the Union's understanding that the tests were scored twice; the first scoring showed only

four or five applicants passing the test. This first score had not been produced. Second, there were no answers to the supplemental questions on the application about education, certifications, and experience. Third, Cleveland did not provide its investigation of the applicants' resumes and work history. Finally, the Union complained that Cleveland had not complied with the requests, because it had provided a link to the records that was hard to open and had not transmitted the records directly. The Union did not contest any redaction.

{¶ 5} In a February 26, 2019 journal entry, the court noted that it had examined the released records and that they appeared to be complete and consistent. Moreover, most of the Union's objections were not well-founded. The court's examination of the records showed that the 16 individuals had answered the supplemental questions. The difference between transmitting the records and providing a link to the records was de minimis. Next, the court ruled that the failure to release records of the respondents' investigation of the applicants or of an independent analysis of the applicants' work history was beyond the scope of the original request. Furthermore, the court declined to expand the original request, especially because there was no evidence that the respondents had made such investigations.

{¶ 6} Finally, the court examined the last objection that the tests were scored twice. Because of the careful wording of the objections, the court noted that it is easy to speculate that it is based on hearsay, rather than the substantiation sought by the court. Thus, the court directed the Union to show cause with evidentiary-quality material why the case should not be considered moot and why it believes that there are outstanding records that come within the scope of its initial request.

{¶ 7} On March 4, 2018, the Union replied that there were no records that reflected an Experience Evaluation for any applicant. The court finds this unpersuasive. Pages 127 through

155 of Cleveland's December 6, 2018 response, exhibit No. 3, Part 2, contains "Experience and/or Academic Training Evaluation." This score sheet awards points for meeting minimum qualifications and additional points for directly and indirectly related work experience.

{¶ 8} The other objection was that the Equipment/Practical Test results state that the tests were administered July 10-13, 2018, but the final list says an examination date of July 20, 2018. The Union states that there are no records explaining the inconsistency. As with all writs, a relator in a public records mandamus action must establish the right to the writ by clear and convincing evidence. *State ex rel. Pressley v. Indus. Comm. of Ohio,* 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), and *State ex rel. Pietrangelo v. Avon Lake,* 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.2d 419. Pointing out different dates in mid-July on two government records does not establish by clear and convincing evidence that there are additional records.

{¶ 9} Accordingly, the court finds that this public records mandamus action is moot because the records have been produced. The court denies the application for a writ of mandamus. Each side to bear its costs. The court rules that there is no just reason for delay pursuant to Civ.R. 54(B). This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 10} Writ denied.

_____
**EILEEN T. GALLAGHER, PRESIDING JUDGE**

**EILEEN A. GALLAGHER, J., and**
**RAYMOND C. HEADEN, J., CONCUR**