[Cite as *State of Ohio ex rel. Ware v. Fankhauser*, 2023-Ohio-3939.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
KIMANI E. WARE,

Relator,

- vs -

JILL FANKHAUSER,

Respondent.

CASE NO. 2023-P-0030

Original Action for
Writ of Mandamus

## P E R   C U R I A M
## O P I N I O N

Decided: October 30, 2023
Judgment: Complaint denied

*Kimani E. Ware*, pro se, PID# A470-743, Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, OH 44905 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1}    This matter is before the court on a "Verified Complaint for Writ of Mandamus," filed by Relator, Kimani E. Ware.  Respondent, Jill Fankhouser, the Portage County Clerk of Courts, duly answered the complaint and filed a motion for summary judgment.  Relator opposed that motion and filed a motion for summary judgment on his own behalf.  Respondent opposed relator's motion.  For the reasons discussed in this opinion, there is no genuine issue of material fact to be litigated and thus, respondent is

entitled to judgment as a matter of law. For the reasons discussed in this opinion, relator's petition is denied and his request for statutory damages is also denied.

{¶2} Relator asserts that, on March 4, 2022, he mailed a public record request via certified mail to respondent. The request sought (1) "a copy of the Motion for Summary judgment filed by relator from case no.1999-P0041"; (2) "a copy of the Judgment Entry filed on February 4, 2000 from case no.1999-P0041"; (3) "A copy of the docket sheet from case no.1999-P0041"; and (4) "a copy of Portage co. clerk of courts records retention schedule." (Quotations sic.)

{¶3} Relator asserts respondent received the request on March 14, 2022. He attached what appears to be proof of such receipt to his petition, which indicates something was sent to the Portage County Clerk of Courts via certified mail on March 15, 2022. The alleged certificate, however, does not establish exactly what was sent to respondent or who sent it; further, the certificate only indicates it was received by one Michael Hahn, an employee of the Portage County Department of Internal Services. Relator also attached a copy of his alleged March 4, 2022 request to his petition. The copy bears a March 15, 2022 time-stamp from respondent's office.

{¶4} Respondent maintains neither she nor her office ever received the request allegedly sent on March 4, 2022. Respondent avers that her office has a system for indexing requests for public records and there is no internal record of the purported request. Respondent further avers that the Portage County Clerk of Courts office *did not* stamp relator's alleged records request dated March 4, 2022 on March 15, 2022. Respondent, however, points out that that her office received documents captioned "Relator's Reply to Respondent's Motion for Relief from Judgment" and "Affidavit of

2

Kimani E. Ware in Support of his Reply to Respondent's Motion for Relief from Judgment" which were stamped "FILED COURT OF APPEALS MARCH 15, 2022 JILL FANKHAUSER, CLERK, PORTAGE COUNTY, OH" (emphasis sic) for filing and were docketed in the Court of Appeals Case file of *State ex rel. Kimani E. Ware v. Jill Fankhauser, Portage County Clerk of Courts*, Case No. 2021-PA-0056. Still, respondent emphasizes that her office has *no* record of receiving the alleged request for records underlying this matter.

{¶5} Respondent maintains, in light of the above averments, the first time her office was notified of the alleged request was upon relator's filing of the underlying petition on May 11, 2023. Once alerted, on May 15, 2023, respondent complied with appellant's request and sent him (1) a copy of the motion for summary judgment he requested; (2) a copy of the docket sheet he requested; and (3) a copy of the Clerk of Courts' retention schedule. Respondent stated, however, that a copy of the February 4, 2000 judgment entry that relator requested did not exist.

{¶6} In response to respondent's assertions, relator contends that not only did respondent receive his March 2022 request, but, even after respondent attempted to comply with the request in May 2023, she only partially complied. Relator claims that he only received a copy of the motion for summary judgment and a copy of the docket certificate. He avers that, despite respondent's representations, he did not receive a copy of the Clerk of Courts' retention schedule. In support of this averment, he attached an alleged correspondence from respondent that indicates she enclosed only the above two records.

3

Case No. 2023-P-0030

{¶7} In light of the foregoing, we are asked to determine whether either party is entitled to summary judgment on relator's petition for writ of mandamus relating to the alleged records request purportedly filed on March 4, 2022. Or, alternatively, whether the motions and responses are sufficient to create a genuine issue of material fact such that triable issues remain.

{¶8} A petition for writ of mandamus is the appropriate vehicle to compel compliance with Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. Generally, to be entitled to a writ of mandamus, the relator must be able to satisfy the following three elements: "(1) the relator must have a clear legal right to have the public official perform a particular act; (2) the official must have a clear legal duty to do the act; and (3) the relator does not have another adequate remedy at law." *State ex rel. Brown v. Logan* 11th Dist. Trumbull No. 2004-T-0088, 2004-Ohio-6951, ¶ 4, citing *State ex rel. Greene v. Enright*, 63 Ohio St.3d 729, 590 N.E. 2d 1257 (1992). A relator in a public-records-request case, however, is not required to establish a lack of an adequate remedy at law. *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25.

{¶9} Civ.R. 56(C) provides that summary judgment is proper when:

> (1) [n]o genuine issue as to any material fact remains to be litigated;
>
> (2) the moving party is entitled to judgment as a matter of law; and
>
> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most

4

strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶10} The party moving for summary judgment has the initial burden of producing some evidence demonstrating the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). In doing so, "a party seeking summary judgment, * * * bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Id.* at 293. The nonmoving party must then rebut the moving party's position with specific facts demonstrating the existence of a genuine triable issue; he or she may not rest on the mere allegations or denials of his pleadings. *Id.*

{¶11} A motion for summary judgment cannot be defeated by relying solely on conclusory allegations unsupported by evidentiary-quality materials, but must set forth specific facts demonstrating there is a genuine issue for trial. *See Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 40. "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir.1990), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 359, 604 N.E.2d 138 (1992).

Case No. 2023-P-0030

**{¶12}** This court, however, is not bound to blindly adopt a non-moving party's version of the facts. "'When the moving party has carried its burden under Rule 56(C), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts * * * Where the record taken as a whole could not lead a *rational trier of fact to find for the nonmoving party*, there is no "genuine issue for trial."'" (Emphasis added.) *Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**{¶13}** "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (Emphasis sic.) *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Harris* at 380; *see also Oko v. Cleveland Division of Police*, 8th Dist. Cuyahoga No. 110025, 2021-Ohio-2931, ¶ 26. "In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Puljic v. State Farm Fire & Casualty Company*, 2017-Ohio-8808, 101 N.E.3d 50, ¶ 12 (11th Dist.), quoting *Anderson* at 251-252.

**{¶14}** The primary issue in this matter is whether relator has set forth a claim in mandamus pursuant to his assertion that respondents has failed to fully comply with his

6

public-records request. As noted above, four days after relator filed his petition for writ of mandamus, respondent averred she complied with his request. Respondent attached a copy of the letter, dated May 15, 2023, of compliance to her motion for summary judgment, which set forth each of the items detailed in the petition (excluding the judgment entry of February 4, 2000 because it did "not exist"), as well as the cost for copying the documents; to wit: "34 pages @ $.10 per page = $3.40."

{¶15} In his reply, relator concedes he received two of the four documents and did not take direct issue with the "non-existent" judgment entry. Relator, however, asserted he did not receive a copy of the Clerk of Courts' Retention Schedule, as sought in his request. In support, relator attached what appears to be a copy of a different letter sent by respondent which shows compliance with two of the requests, but fails to indicate a copy of the Clerk of Courts' Retention Schedule that was distinctly present in the letter attached to respondent's motion. Also, conspicuously absent from the letter attached to relator's reply is a date on which the correspondence was sent by respondent as well as the amount relator was required to remit for a copying fee.

{¶16} There is clearly a dispute as to what was sent and also a dispute regarding which letter is a (or the) true and accurate letter sent by respondent. It is unreasonable that respondent would send two letters, one in compliance with the request (dated) and the other only in partial compliance (undated). And a review of the undated letter attached to relator's reply appears to be altered – there is visible artifacting on the letter indicating it was a modified version from a separate letter. We cannot ignore this empirically obvious point.

Case No. 2023-P-0030

**{¶17}** Moreover, in relator's alleged original request, which he attached to the petition for writ of mandamus, he asks the clerk of courts to "[p]lease inform me of [the] number of pages for the above records and the cost for copying and postage cost to mail these records to me." In the letter respondent attached to her motion for summary judgment, she complies with the request, in full, to the extent the records were available and itemizes the pages and cost of the copies. No such information appears in the version of the letter appended to relator's reply.

**{¶18}** In light of the above, we hold that any reasonable trier of fact would find the letter attached to relator's reply was an altered version of the dated and more precisely detailed letter attached to respondent's motion. In light of the "reasonableness" component built into a Civ.R. 56 analysis, we conclude that a response or reply that appears to be altered or even redacted, is insufficient to create a *genuine*, *reasonable* question of material fact for trial. This conclusion is further buttressed by the substantive content of the letter attached to respondent's motion; to wit, it includes the date it was sent (an important fact for measuring the reasonableness of compliance with a public-records request) and a complete statement of compliance with the requests itemized in the request attached to relator's petition. We therefore conclude, in light of the evidentiary submissions, that *no* reasonable fact finder would conclude that the (1) respondent sent two different letters, one dated with full compliance and one undated with partial compliance, and (2) that the compliance letter attached to respondent's motion, in light of relator's particular requests, was apocryphal.

**{¶19}** "In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade*

*Co. v. Toledo-Lucas Cty. Port Auth.,* 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14, citing *State ex rel. Toledo Blade Co. v. Ohio Bur. of Workers' Comp.,* 106 Ohio St.3d 113, 2005-Ohio-3549, 832 N.E.2d 711, ¶ 16. We accordingly conclude that respondent has met her burden of establishing there is no genuine issue of material fact that she fully complied, to the extent possible, with respondent's requests. In this respect, relator's petition for writ of mandamus is moot and therefore denied.

{¶20} We must next address, however, whether relator is entitled to statutory damages. A relator may receive an award of statutory damages even where he or she fails to prevail on a petition for writ of mandamus where the respondent took an unreasonable length of time to produce the records. *State ex rel. Ware v. Stone*, 5th Dist. Stark No. 2021CA00042, 2022-Ohio-1151, ¶ 25. A requester, however, must demonstrate by clear and convincing evidence that he or she made the request by one of the methods of delivery set forth under R.C. 149.43(C)(2). *See State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, ¶ 27. Specifically, "by hand delivery, electronic submission, or certified mail." R.C. 149.43(C)(2).

{¶21} Relator contends his request was received by the Portage County Clerk of Courts on March 15, 2022. He attaches a copy of the request to his petition which bears the stamp of the Portage County Clerk and also a copy of a certified mail receipt dated March 14, 2022, signed by one Michael Hahn. Relator argues that this evidence demonstrates respondent received his request, at the latest, on March 15, 2022, and her failure to comply with the request until May of 2023 was unreasonable as a matter of law.

{¶22} Respondent avers her office never received the request at issue and the first time she became aware of the request was relator's filing of the underlying petition.

9

Respondent states the records of her office do not include an indexing of the alleged request at issue. She acknowledges relator's attachment which suggests a request was sent to her office on March 4, 2022 and which appears to be time-stamped by her office on March 15, 2022. Respondent also recognizes relator submitted a copy of a certified mail receipt dated March 14, 2022. Respondent maintains, however, these submissions do not imply, let alone establish by clear and convincing evidence, that her office received the alleged request through the proper, available statutory methods, i.e., "by hand delivery, electronic submission, or certified mail." R.C. 149.43(C)(2).

{¶23} Respondent observes that the time-stamped request attached to relator's complaint, unto itself, fails to establish the request was made by one of the available statutory means. Further, the certified-mail receipt only establishes *something* was received by one Michael Hahn, an employee of the Portage County Department of Internal Services. This does not, however, establish her office received a request by certified mail. In short, respondent contends that neither of these points, taken independently or together, establish, by clear and convincing evidence, that her office received the request in one of the manners prescribed by statute.

{¶24} The dispute centers around when and how respondent became aware of the public records request. The Supreme Court of Ohio has considered similar questions in other cases. In *Pietrangelo*, 2016-Ohio-5725, the dispute was whether the relator had properly hand delivered his public-records request. The Court reviewed the evidence, including competing affidavits, which were deemed inconclusive. As a result, the Court determined the relator failed to demonstrate, by clear and convincing evidence, that the

10

Case No. 2023-P-0030

request was delivered by hand. *Id.* at ¶ 27. The court maintained, therefore, the relator was not entitled to statutory damages. *Id.*

{¶25} Similarly, in *State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-2453, 163 Ohio St.3d 359, the relator in this matter was also a requester to a different clerk of courts. Relator claimed that he sent seven requests in one envelope by certified mail. The clerk received the delivery by certified mail but averred there was only one request in the envelope. Again, relator and the clerk presented contradictory affidavits about the contents of the request. The Supreme Court determined that:

> [t]he envelope itself is in the record, but it does not prove anything about its contents one way or the other. Ware states in his affidavit that he sent seven requests. The clerk's office, on the other hand, submitted affidavit testimony that the office had received only a single request and that a search of the office did not locate Ware's other six requests. Thus, the evidence on this point is evenly balanced. And in such a situation, the requester has not satisfied the heightened burden of proof necessary for an award of statutory damages.

*Id.* at ¶ 32.

{¶26} Relator maintains his March 2022 request was received by certified mail by respondent. He claims he provided adequate proof of this point by attaching what he purports is a time-stamped copy of the alleged request and a copy of the receipt of the certified mail received on March 14, 2022.

{¶27} Conversely, respondent avers that her office never received the alleged request in March 2022. Respondent asserts her office received a request for different records from relator in March 2022, with which her office complied. Respondent details the indexing process to which all time-stamped documents are subject. Respondent

11

denies the alleged record request at issue was ever received because it was never indexed in the system.

**{¶28}** In additional support, respondent emphasizes that, even assuming the alleged request was sent, it was signed for by an employee of the Portage County Department of Internal Services, not an employee of the clerk's office. Respondent maintains she first became aware of the request on May 11, 2023 and, several days later, her office complied with the same. Respondent therefore concludes that relator has failed to establish, by clear and convincing evidence, he is entitled to statutory damages.

**{¶29}** Similar to the cases discussed above, relator and respondent have submitted evidence that is "evenly balanced." As the Supreme Court has concluded, however, a requester cannot meet his or her heightened burden that a request was sent by certified mail where the evidence is fundamentally and evenly in conflict. We therefore agree with respondent that relator, providing only his self-serving averments in support of his petition, has failed to establish by clear and convincing evidence that he is entitled to statutory damages. In other words, relator has failed to advance evidence that would create a firm conviction or belief that there was an unreasonable delay between the time respondent received the request and the time she or her office complied with the request.

**{¶30}** For the reasons discussed in this opinion, respondent's motion for summary judgment is granted. By implication, relator's "Verified Complaint for Writ of Mandamus" is denied and his request for statutory damages is similarly denied.

JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., EUGENE A. LUCCI, J., concur.