[Cite as *State ex rel. Hill v. Todaro*, 2024-Ohio-375.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
| EX REL.FREDERICK M. HILL | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 2023CA00149 |
|  | : |  |
| LYNN M. TODARO | : |  |
|  | : | O P I N I O N |
| Respondent | : |  |

CHARACTER OF PROCEEDING:       Writ of Mandamus

JUDGMENT:       Dismissed

DATE OF JUDGMENT ENTRY:       February 2, 2024

APPEARANCES:

For - Relator

FREDERICK M. HILL
Richland Correctional Institution
Inmate No. A701883
1001 Olivesburg Road
P.O. 8107
Mansfield, OH 44905

For - Respondent

KYLE L. STONE
Prosecuting Attorney
BY: AARON J. VIOLAND
Assistant Prosecuting Attorney
110 Central Plaza South, Ste. 510
Canton, OH 44702

*Gwin, J.,*

{¶1} On November 16, 2023, Relator Frederick Hill filed a Complaint for Mandamus. Relator asks Stark County Clerk of Courts, Respondent Lynn M. Todaro, to produce affidavits and search warrants related to his 2017 criminal conviction. After the filing of an Answer and Affirmative Defenses and evidence, Respondent moved for summary judgment. Relator also moved for summary judgment. We grant Respondent's motion for summary judgment and deny Relator's motion because the requested records have been properly destroyed under the Stark County Clerk of Court's records-retention schedule rendering this matter moot.

## I. BACKGROUND

{¶2} Relator alleges in his Complaint for Mandamus that on October 20, 2023, he asked Respondent to produce affidavits and search warrants. On this same date, Respondent denied the request under R.C. 149.43(B)(8), requiring Relator to first obtain a judicial finding from the sentencing judge. Shortly thereafter, Relator filed this writ of mandamus. He seeks mandamus relief that would order Respondent to provide the requested records.

{¶3} Respondent filed an Answer and Affirmative Defense on December 6, 2023. Thereafter, the court issued a briefing schedule allowing the parties to file Civ.R.56(C) evidence and summary judgment motions.

{¶4} Respondent's Civ.R. 56(C) evidence includes an Affidavit of Jennifer L. Fitzsimmons, Chief Deputy Clerk of the Stark County Clerk of Courts, and copies of Certificates of Records Disposal. Ms. Fitzsimmons' affidavit states, "[a]fter the filing of the instant action our office discovered that the records requested by Relator had been

properly destroyed pursuant to our records retention schedule on approximately April 27, 2023." Affid. Jennifer L. Fitzsimmons, ¶ 7. The destruction of the requested records occurred almost six months prior to Relator's initial public-records' request. Relator did not file any Civ. R. 56 (C) evidence.

## II. ANALYSIS

### A. *Summary judgment standard and writ of mandamus elements*

{¶5}    Ohio's Public Records Act requires a public office to make copies of public records available to any person on request and within a reasonable period of time. R.C. 149.43(B)(1). *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 9. The Ohio Supreme Court construes the Public Records Act " 'liberally in favor of broad access' " to public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.,* 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶6}    Under R.C. 149.43(C)(1)(b), a mandamus action is the remedy for a person denied access to a public record. "To prevail on a claim for mandamus relief in a public-records case, a party must establish a clear legal right to the requested relief and a corresponding clear legal duty on the part of the respondents to provide that relief." *State ex rel. Penland v. Ohio Dept. of Rehabilitation and Correction*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 9, citing *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22-24.

{¶7}    Further, we are deciding this matter on summary judgment. A court may grant summary judgment, under Civ.R. 56, if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a

matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶8} The moving party bears the initial responsibility of identifying the basis for the motion and those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of facts exists." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

B. *Respondent has no duty to produce records that no longer exist.*

{¶9} Respondent submitted evidence, in support of her summary judgment motion, establishing Relator's requested records no longer exist. Ms. Fitzsimmons states, in her affidavit, the records were destroyed under the Clerk of Court's records-retention schedule. The records-retention schedule indicates the records were disposed of on April 27, 2023, almost six months before Relator made his initial request on October 20, 2023.

{¶10} Respondent was only required to retain the requested records for five years.

Under Sup. R. 26.03(F), "[s]earch warrant records shall be indexed and the warrants and returns retained in their original form for five years after the date of service or last service attempt." It appears Respondent waited the requisite period of time before destroying the requested records because the requested records relate to a 2017 criminal conviction.

{¶11} There is no duty under R.C. 149.43 to create records that no longer exist. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 27. *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15 (there is no duty to provide access to nonexistent records in a public-records mandamus case). Thus, because the requested affidavits and search warrants no longer exist, there is no duty under R.C. 149.43 to create them. *Id.* When the records no longer exist, the case is moot. *See State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, ¶ 2.

## III. CONCLUSION

{¶12} Respondent is not entitled to mandamus relief because the requested records no longer exist. For these reasons, we grant Respondent's summary judgment motion and deny Relator's summary judgment motion.

{¶13} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶14} RELATOR'S MOTION FOR SUMMARY JUDGMENT DENIED.

{¶15} RESPONDENT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED.

{¶16} CAUSE DISMISSED.

{¶17} COSTS TO RELATOR.

{¶18}  IT IS SO ORDERED.

By Gwin, J.,

Delaney, P.J., and

Baldwin, J., concur