[Cite as *State ex rel. Bates v. Lowery*, 2024-Ohio-5059.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO ex rel.
ROBERT BATES,

Relator,

- vs -

F. LOWERY, INSTITUTIONAL
INSPECTOR,

Respondent.

CASE NO. 2024-T-0035

Original Action for Writ of Mandamus

## P E R   C U R I A M
## O P I N I O N

Decided: October 21, 2024
Judgment: Petition granted in part

*Robert Bates*, pro se, PID# A764-729, Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville, OH 45699 (Relator).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}  This matter is before the court on a "Complaint for Writ of Mandamus," filed by relator, Robert Bates ("Bates"). Respondent, F. Lowery, Institutional Inspector at Trumbull Correctional Institution (TCI), did not file an answer to the complaint or file a dispositive motion. Bates filed a motion for summary judgment on June 17, 2024. For reasons discussed herein, we issue a peremptory writ. Bates's request for statutory damages is also granted in part.

{¶2}     Bates asserts he made two public records requests to respondent, one on December 16, 2023, and one on January 7, 2024. As to the December 16, 2023 request, Bates sought copies of five (5) separate grievances identified as SOCF00000000432, SOFC000000000180, SOFC000000000147, SOFC000000000313, and SOFC000000000245. Bates avers that he did not receive copies of these documents.

{¶3}     The January 7, 2024 request sought copies of a single grievance, identified as TCI000000001545.   According to the documents attached to the complaint, respondent, Lowery F., responded that Bates had previously received and signed for the requested document on November 30, 2023. Bates was informed that he could receive a second copy at a cost of five cents per page. Bates avers he did not receive a copy of this request despite his agreement to the cost.

{¶4}     A petition for writ of mandamus is the appropriate vehicle to compel compliance with Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6. Generally, to be entitled to a writ of mandamus, the relator must be able to satisfy the following three elements: "(1) the relator must have a clear legal right to have the public official perform a particular act; (2) the official must have a clear legal duty to do the act; and (3) the relator does not have another adequate remedy at law." *State ex rel. Brown v. Logan*, 2004-Ohio-6951, ¶ 4 (11th Dist.), *citing State ex rel. Greene v. Enright*, 63 Ohio St.3d 729 (1992). However, in a cases involving public records requests, a relator is not required to establish a lack of an adequate remedy at law. *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2012-Ohio-753, ¶ 25. *See also State of Ohio ex rel. Ware v. Fankhauser*, 2023-Ohio-3939, ¶ 8.

Case No. 2024-T-0035

**{¶5}** We previously issued an alternative writ on May 15, 2024, directing respondent to file an answer, a motion to dismiss, a summary judgment motion, or any other dispositive motion recognized under the Ohio Civil Rules within 20 days after the date of the entry. It is now well beyond the time set forth in the alternative writ and respondent has failed to file an answer or any other motion recognized under the Civil Rules.

**{¶6}** R.C. 2731.10 provides: "[i]f no answer is made to an alternative writ of mandamus, a peremptory mandamus must be allowed against the defendant."

**{¶7}** As respondent has failed to respond to the alternative writ, this court issues a peremptory writ of mandamus pursuant to R.C. 2731.10. *See Leavell v. Conway*, 2017-Ohio-8346, ¶ 3 (6th Dist.).

**{¶8}** Bates further seeks damages in the amount of $2,000.

**{¶9}** R.C. 149.43(C)(2) provides:

> If a requester transmits a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.
>
> * * *
>
> The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.

3

Case No. 2024-T-0035

**{¶10}** However, the court may reduce an award of statutory damages or not award statutory damages if the court determines both of the following:

> (a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct * * *of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct * * * of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;

> (b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct * * * of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

R.C. 149.43(C)(2).

**{¶11}** As it appears that at least one request was fulfilled based upon attached exhibits to the complaint, we reduce the statutory reward to $1,000. Bates does not contest that he was previously provided a copy of the identical document he sought in his January request in a prior public records request to the same agency. Due to the proximity of the second request by Bates after receipt of the same document, Bates cannot show he suffered an injury from loss of use. R.C. 149.43(C)(2). Therefore, we conclude he is not entitled to statutory damages as to his January 7, 2024 request.

**{¶12}** Conversely, there is no evidence in the record that respondent ever provided the documents requested by Bates in the December 16, 2023 request. As such, we conclude Bates is entitled to statutory damages in the amount of $1,000.

4

{¶13} Writ granted. Respondent is hereby ordered to deliver the documents requested to Bates. There must be no further delay. Bates's motion for summary judgment is overruled as moot.

{¶14} Costs assessed to respondent.

MATT LYNCH, J., JOHN J. EKLUND, J., ROBERT J. PATTON, J., concur.

Case No. 2024-T-0035